UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SENECA LAKE GUARDIAN, COMMITTEE TO PRESERVE
THE FINGER LAKES, AND SIERRA CLUB

       Plaintiffs,

    v.

GREENIDGE GENERATION LLC

       Defendant.

---

# GREENIDGE GENERATION LLC'S MEMORANDUM OF LAW
# IN SUPPORT OF ITS CROSS MOTION FOR SUMMARY JUDGMENT AND IN
# OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

**Barclay Damon LLP**
Yvonne E. Hennessey, Esq.
*Attorneys for Greenidge*
   *Generation, LLC*
80 State Street
Albany, New York 12207
(518) 429-4200
yhennessey@barclaydamon.com

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 1
STATEMENT OF RELEVANT FACTS ..................................................................................... 3
    A.  NYSDEC Administers a Valid SPDES Program Pursuant to State Law ........................... 3
    B.  NYSDEC Previously Conducted A Thorough Technical Review of the Facility's SPDES Permit Prior to its Reissuance in 2017, A Review That Was Judicially Upheld ................ 3
    C.  NYSDEC's Determined that Greenidge's Renewal Application was Timely and Sufficient. ............................................................................................................................ 4
    D.  Plaintiffs' Notice of Intent. .................................................................................................. 5
STANDARD OF REVIEW ........................................................................................................... 6
ARGUMENT .................................................................................................................................. 6
POINT I   GREENIDGE CAN CONTINUE TO OPERATE UNDER ITS EXISTING SPDES PERMIT BECAUSE IT WAS PROPERLY EXTENDED BY NYSDEC ..................................... 6
    A.  The Facility's SPDES Permit Did Not Expire Because Greenidge's Renewal Application Met the Standard for Sufficiency Under New York Law. .................................................. 6
    B.  NYSDEC Complied with the Clean Water Act and New York Law When It Deemed Greenidge's SPDES Renewal Application Sufficient and Authorized the Continuation of the Permit ............................................................................................................................ 8
      1.  State Law Dictates the Applicable Standards for the Continuance of SPDES Permits Pending Renewal. .................................................................................................. 9
      2.  NYSDEC's Sufficiency Determination and the Continuation of the Facility's SPDES Permit is Supported by a Complete Public Record of the Facility's Operations. ......... 10
      3.  NYSDEC Did Not Require Greenidge to Submit Form NY-2C at the Time of Renewal, Nor Did It Waive a Requirement for Same Under State or Federal Law. .................... 12
      4.  Plaintiffs' Other Cited Cases are Factually Dissimilar and Do Not Support Plaintiffs' Arguments. ................................................................................................................... 15
CONCLUSION ............................................................................................................................. 17

# TABLE OF AUTHORITIES

*Cases*

*Bad River Band of Lake Superior Tribe of Chippewa Indians of Bad River Reservation v. Enbridge Energy Co.,* No. 19-cv-602-wmc, 2022 WL 4094073 (W.D. Wisc. Sept. 7, 2022) . 15

*Carias v. Monsanto Co.*, No. 15-CV-3677 (JMA) (GRB), 2016 U.S. Dist. LEXIS 139883 ......... 5

*Ctr. for Env't L. & Pol'y v. U.S. Fish & Wildlife Serv.,* 228 F. Supp. 3d 1152 (E.D. Wash. 2017) .................................................................................................................................................. 15

*In re Riverkeeper, Inc. v. Seggos,* 75 N.Y.S.3d 854, 866 (N.Y. Sup. Ct. 2018) ........................... 16

*Inland Empire Waterkeeper v. Uniweb, Inc.,* 2008 WL 6098645 (C.D. Cal. Aug. 6, 2008) ........ 16

*Kitlutsisti v. ARCO Alaska, Inc.,* 592 F. Supp. 832 (D. Alaska 1984) ......................................... 16

*Lewis v. M&T Bank*, No. 21-933, 2022 U.S. App. LEXIS 6596 (2d Cir. Mar. 15, 2022) .............. 5

*Natural Resources Defense Council, Inc. v. EPA,* 859 F.2d 156 (D.C. Cir. 1988) ...................... 15

*New York v. P.A. Indus.*, No. 17-CV-1146 (DRH)(SIL), 2021 U.S. Dist. LEXIS 261381 (E.D.N.Y. July 14, 2021) ........................................................................................................ 5

*United States v. Sheyenne Tooling & Manufacturing Co.,* 952 F. Supp. 1414 (D.N.D. 1996) .... 16

*Statutes*

40 C.F.R. § 122.6(d)(1) ................................................................................................................... 6
40 C.F.R. § 122.21(e) ................................................................................................................ 9, 10
40 C.F.R. § 122.21(r) ...................................................................................................................... 5
40 C.F.R. § 122.95(a) ..................................................................................................................... 5
40 C.F.R. § 122.6(d) ....................................................................................................................... 9
40 C.F.R. § 122.21(a)(2) .............................................................................................................. 10
N.Y. Environmental Cons. Law Article 17 ................................................................................... 3
N.Y. Environmental Cons. Law § 17-0803 ................................................................................... 7
N.Y. Environmental Cons. Law § 70-0115(2) ............................................................................... 7

*Rules*

6 N.Y.C.R.R. § 621 ...................................................................................................................... 14
6 N.Y.C.R.R. § 750-1.16(e) ......................................................................................................... 14
6 N.Y.C.R.R. § 750-1.16(f) ......................................................................................................... 14
6 N.Y.C.R.R. § 750-1.16(c) ......................................................................................................... 14
6 N.Y.C.R.R. § 750-1.16(a) ........................................................................................................... 4
6 N.Y.C.R.R. § 750-1 .................................................................................................................... 3

**PRELIMINARY STATEMENT**

Greenidge Generation LLC ("Greenidge") submits this Memorandum of Law in support of its Cross-Motion for Summary Judgment ("Cross-Motion") and in opposition to Plaintiffs' Seneca Lake Guardian, Committee to Preserve the Finger Lakes and Sierra Club ("Plaintiffs") Motion for Summary Judgment ("Motion"). Assuming the Court has subject matter jurisdiction (*see* Defs. Memorandum of Law in Support of its Motion to Dismiss ("Defs. MTD MOL") (Dkt. No. 13-1)),[1] the Court should grant Greenidge's Cross-Motion and deny Plaintiffs' Motion.

Plaintiffs' sole claim in this action is that Greenidge is discharging pollutants from the Greenidge Generating Facility ("Facility") into Seneca Lake and the Keuka Lake Outlet without a valid State Pollutant Discharge Elimination System ("SPDES") permit. The issue is *not* whether Greenidge was obligated under the Clean Water Act to secure a SPDES permit for its discharges (it did). It is also *not* whether Greenidge's SPDES permit complies with the Clean Water Act (a state court previously ruled that it did). Rather, the issue is the sufficiency of Greenidge's timely application to renew its long-standing SPDES permit.

To that point, as the agency with sole responsibility for the issuance of National Pollutant Discharge Elimination System ("NPDES") permits in New York State pursuant to an authorized SPDES program, the New York State Department of Environmental Conservation ("NYSDEC") has already determined that Greenidge submitted a "timely and sufficient" renewal application ("NYSDEC Decision"). Plaintiffs' attempts to distort the applicable requirements of a state-administered SPDES program and discredit and minimize NYSDEC's determination are inapt.

---

[1] On February 21, 2023, the same day that Plaintiffs filed their Motion, Greenidge filed a Motion to Dismiss Plaintiffs' claims for, *inter alia*, lack of subject matter jurisdiction, lack of standing, failure to state a claim, and failure to join a necessary party. The Court determined that it would decide both motions after briefing by the parties (*see* Mar. 1, 2023 Text Order, Dkt. No. 22). Greenidge incorporates but will not repeat those arguments herein except where necessary to save the Court the inconvenience of cross-referencing between briefs.

While conceding that State law governs, Plaintiffs fail to cite any state law requirement that Greenidge failed to meet. Their last-ditch argument in this Motion that Greenidge failed to submit a required state form (NY-Form 2-C), an argument noticeably missing from their Notice of Intent or Complaint, lacks any merit as NY Form 2-C is inapplicable and not required here.

In short, Greenidge submitted a timely and sufficient renewal application such that its SPDES permit remains in full force and effect. Plaintiffs' claim to the contrary is simply without merit. Thus, to the extent that this Court finds that it has subject matter jurisdiction, it should grant Greenidge's Cross-Motion and deny Plaintiffs' Motion.

## STATEMENT OF RELEVANT FACTS

**A.    NYSDEC Administers a Valid SPDES Program Pursuant to State Law**

NYSDEC has sole responsibility for the issuance of NPDES permits in New York State pursuant to NYSDEC's SPDES program as provided in New York Environmental Conservation Law ("ECL") Article 17 and the regulations promulgated by NYSDEC at Title 6 of the New York Code of Rules & Regulations Section 750-1 *et seq*. NYSDEC was delegated this authority in October 1975 by the United States Environmental Protection Agency ("USEPA") in accordance with Section 402 of the Federal Water Pollution Control Act. *See* Letter from USEPA to Governor Carey approving New York's request for approval to conduct a State Permit Program, dated October 28, 1975;[2] *see also* NYSDEC and USEPA Memorandum of Agreement (as amended).[3] NYSDEC retains this authority; it has not been withdrawn or revoked by USEPA. *See* list of authorized States.[4] USEPA does not have authority to issue NPDES permits in New York State, except on tribal lands.

**B.    NYSDEC Previously Conducted A Thorough Technical Review of the Facility's SPDES Permit Prior to its Reissuance in 2017, A Review That Was Judicially Upheld**

The Facility has operated since 1975 under consecutive SPDES permit renewals issued by NYSDEC. *See* Declaration of Yvonne E. Hennessey ("Hennessey SJ Dec."), ¶ 5. Prior to NYSDEC's issuance of the last SPDES permit renewal in 2017, NYSDEC undertook a full technical review of the Greenidge's renewal application.[5] *Id*., ¶ 9. NYSDEC prepared a draft biological fact sheet, a draft industrial fact sheet, and a draft SPDES permit for public review and comment. *See* Hennessey SJ Dec., ¶¶ 10-12, Exh. 1 (Affidavit of Scott Sheeley); Exh. 2. The

---

[2]  Available at https://www.epa.gov/sites/default/files/2013-09/documents/ny-moa-npdes.pdf
[3]  Available at https://www.epa.gov/sites/default/files/2013-09/documents/ny-moa-npdes.pdf
[4]  Available at https://www.epa.gov/npdes/npdes-state-program-authority
[5]  Staff's review as part of the 2017 SPDES permit renewal included review of the Facility's NY Form 2C. *See* Affidavit of Michael Caseiras (Hennessey SJ Dec., Exh. 1), at ¶ 16.

draft and final facts sheets and the draft and final SPDES permit describe, among other things, the Facility's outfalls, receiving waters, and cooling water intake structure. *Id.*, ¶ 13, Exh. 2. Plaintiffs had the opportunity to comment on the SPDES renewal, and the Committee to Preserve the Finger Lakes did submit comments on the SPDES permit. *See id.*, Exh. 1 (Affidavits of Michael Caseiras and Scott Sheeley). NYSDEC responded to public comments in a Responsiveness Summary issued on the same day as the final 2017 SPDES permit. *See id.*, Exh. 1 (Affidavit of Scott Sheeley).

Plaintiffs challenged the issuance of the 2017 SPDES permit, and in December 2018, following an extensive review of the administrative record, the Yates County Supreme Court dismissed Plaintiffs' Article 78 action with prejudice. *See* Declaration of Yvonne E. Hennessey (Dkt. No. 13-2) ("Prior Hennessey Dec."), ¶¶ 20-25, Exh. C.

## C. NYSDEC Determined that Greenidge's Renewal Application was Timely and Sufficient.

Greenidge has and continues to operate under a valid SPDES permit authorizing the Facility's regulated discharges that was issued by NYSDEC on September 11, 2017, with an effective date of October 1, 2017. *See* Hennessey SJ Dec., ¶¶ 5, 6. Greenidge's SPDES permit's term was for five years. *See* Prior Hennessey Dec., ¶ 13; Dkt. 10-7. In accordance with Section 750-1.16(a) of Title 6 of the New York Code of Rules & Regulations, Greenidge submitted an application to renew its SPDES permit on January 12, 2022—261 days before the end of the SPDES permit's five-year term. *See* Hennessey SJ Dec., ¶¶ 14, 15, Exh. 4. In doing so, Greenidge used the renewal application forms provided by the NYSDEC on November 9, 2021. *Compare id.*, Exh. 3 *with* Exh. 4.

Greenidge's application sought the continuation of its existing SPDES permit as written and judicially upheld. *See id.*, ¶ 17, Exh. 4. Since issuance of the prior 2017 SPDES permit, there

4

have been no modifications to the Facility, its outfalls, its discharges, or its cooling water intake structure. *See id.*, ¶¶ 18-19, 23-24.

By email dated March 26, 2022, NYSDEC's Bureau of Water Permits Section Chief notified Greenidge that its renewal application was "timely and sufficient" for coverage under the State Administrative Procedures Act ("SAPA"). Hennessey SJ Dec., Exh. 5. NYSDEC reconfirmed that it had made this determination when it issued its Fact Sheet as part of a Department-initiated modification of Greenidge's SPDES permit on September 27, 2022. *See* Hennessey SJ Dec., Exh. 2 (NYSDEC noting that, on January 12, 2022, it received a "timely and sufficient SPDES Renewal Application from the permittee").[6]

## D. Plaintiffs' Notice of Intent.

On November 17, 2022, Plaintiffs' served their amended Notice of Intent ("NOI") on Greenidge as well as the NYSDEC and USEPA. *See* Complaint, Exh. A (Dkt. 1-1).

Plaintiffs' NOI, as it relates to the allegations in the Complaint, states only that:

Greenidge failed to supply legally-required information about its cooling water intake structure as a part of its renewal application. Federal regulations require an "owner or operator of [such an existing] facility … whose currently effective permit expires after July 14, 2018," to submit [sic] "the information required in the *applicable* provisions of 40 C.F.R. § 122.21(r) when applying for a subsequent permit." 40 C.F.R. § 122.95(a).

*Id.*, p. 3.

---

[6] This Court may take judicial notice of the NYSDEC Decision. *Lewis v. M&T Bank*, No. 21-933, 2022 U.S. App. LEXIS 6596, 2022 WL 775758, at *1 (2d Cir. Mar. 15, 2022) ("Courts may take judicial notice of facts that 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'") (quoting Fed. R. Evid. 201(b)(2)); *New York v. P.A. Indus.*, No. 17-CV-1146 (DRH)(SIL), 2021 U.S. Dist. LEXIS 261381, at *22 (E.D.N.Y. July 14, 2021) (taking judicial notice of NYSDEC documents); *see also Carias v. Monsanto Co.*, No. 15-CV-3677 (JMA) (GRB), 2016 U.S. Dist. LEXIS 139883, at *16 n.3 (E.D.N.Y. Sep. 30, 2016) (taking judicial notice of USEPA documents "to establish that EPA made certain determinations and findings.").

**STANDARD OF REVIEW**

A moving party is entitled to summary judgment where "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**ARGUMENT**

**POINT I**

**GREENIDGE CAN CONTINUE TO OPERATE UNDER ITS EXISTING SPDES PERMIT BECAUSE IT WAS PROPERLY EXTENDED BY NYSDEC**

**A. The Facility's SPDES permit did not expire because Greenidge's renewal application met the standard for sufficiency under New York law.**

When a State agency, such as NYSDEC, administers the Clean Water Act through its SPDES program, state law governs the continuation of a permit pending its renewal. An "authorized" State may continue a permit beyond its expiration date "until the effective date of the new permit[], *if State law allows*." 40 C.F.R. § 122.6(d)(1) (emphasis added).

Under New York law, an application must be sufficient, and with respect to SPDES permits, NYSDEC is the arbiter of sufficiency. The State Administrative Procedures Act ("SAPA") Section 401(2), provides that "when a licensee has made timely and sufficient application for the renewal of a license or a new license with reference to any activity of a continuing nature, *the existing license does not expire until the application has been finally determined by the agency* . . . ." (emphasis added). NYSDEC administers New York's environmental programs, including the SPDES program, under the New York State Environmental Conservation Law ("ECL"). Article 70 of the ECL states that:

> A permit holder may make written request to the department for the renewal, reissuance, recertification or modification of an existing permit. *Such a request shall be accompanied by sufficient information supporting the request for the departmental action sought*.

ECL § 70-0115(2) (emphasis added); *see also* Complaint, ¶ 80.  Furthermore, specific to SPDES permits, the ECL provides that:

> The department shall, by rule and regulation, require that *every applicant for a permit to discharge pollutants into the waters of the state shall file such information at such times and in such form as the department may reasonably require* to execute the provisions of this article.

ECL § 17-0803 (emphasis added) ; *see also* Complaint, ¶ 79.

This is further articulated in NYSDEC's implementing regulations:

> Any permittee who intends to continue to discharge beyond the period of time covered in the applicable SPDES permit must file for renewal of the permit at least 180 days prior to its expiration.  *Filing for renewal shall be made by the permittee on forms provided by the department*.

6 N.Y.C.R.R. § 750-1.16(a) (emphasis added) ; *see also* Complaint, ¶ 85.

Greenidge can continue to operate the Facility under its existing SPDES permit, because it submitted a timely renewal application for its existing permit, on forms provided by NYSDEC, that NYSDEC deemed sufficient.  *See* Hennessey SJ Dec., Exhs. 3, 4, & 5.  Plaintiffs admit that Greenidge had a valid SPDES permit for a five year term that was effective October 1, 2017 (Complaint, ¶ 95) and that Greenidge submitted a timely renewal application (Complaint, ¶ 102). *See* Pls. Undisputed Statement of Material Facts ¶¶ 12, 16 (Dkt. 10-1).  NYSDEC acknowledged receipt of the renewal on March 26, 2022, and stated that the renewal was timely and sufficient for coverage under SAPA.  *See* Hennessey SJ Dec., Exh. 5; *see also* Prior Hennessey Dec., Exh. B.

Plaintiffs' failure to acknowledge NYSDEC's Decision in their Complaint, and attempt to hide it in one paltry footnote in their Memorandum of Law, does not diminish its significance.  The fact remains that Greenidge's application met the legal standard for sufficiency: (1) Greenidge submitted a renewal application to NYSDEC, (2) the application was submitted more than 180 days prior to expiration of the permit, and (3) Greenidge completed the forms provided by NYSDEC.  Hennessey SJ Dec., ¶¶ 14, 15. That is all that is required, and Plaintiffs' collateral

7

attack on NYSDEC's Decision should be dismissed by this Court. *See* Defs. MTD MOL (Dkt. 13-1), Point I(C).

### B. NYSDEC Complied with the Clean Water Act and New York Law When It Deemed Greenidge's SPDES Renewal Application Sufficient and Authorized the Continuation of the Permit

Assuming Plaintiffs have grounds for bringing a citizen suit, which they do not, Plaintiffs' argument misapplies federal law narrowly to a single NYSDEC-provided application form and is one of form over substance. Plaintiffs' collateral attack on NYSDEC's Decision ignores the distinction between the renewal of EPA-issued permits and State-issued permits, and in doing so, Plaintiffs refer to requirements and forms that do not apply here. Further, plaintiffs ignore the broader context of NYSDEC's SPDES permit *renewal* process, particularly the vast administrative record that NYSDEC already has concerning the Facility from previous renewals, which was and is available to the public, ***including Plaintiffs***.

At its core, Plaintiffs' argument would have NYSDEC require Greenidge (and apparently every applicant for renewal) to re-date and resubmit the same forms (*e.g.*, NY-2C) with the same information (*e.g.*, the information Plaintiffs complain is lacking) that NYSDEC already possesses just to continue a permit pending renewal. NYSDEC has elected at its discretion to implement a renewal process that avoids this unnecessary duplication and instead focuses the agency's limited time and resources over the subsequent 180+ days on evaluating substantive issues such as any needed permit modifications due to operational changes (there are none here) or new standards. Plaintiffs' argument, which is in essence an argument about forms, cannot stand. Accordingly, this Court should dismiss Plaintiffs' Motion and grant Greenidge's Cross-Motion.

### 1.  State Law Dictates the Applicable Standards for the Continuance of SPDES Permits Pending Renewal.

The federal regulations implementing the Clean Water Act distinguish the continuation of permits under the USEPA-administered NPDES program from State-implemented SPDES programs—the type of program applicable here. The regulations provide that "[w]hen EPA is the permit-issuing authority" an expired permit is continued under the Administrative Procedures Act ("APA") when "[t]he permittee has submitted a timely application . . . which is a complete (under § 122.21(e)) application for a new permit . . . ." 40 C.F.R. § 122.6(a)(1); APA, 5 U.S.C. § 558(c). Timeliness refers to an application form submitted 180 days before the existing permit expires with flexibility to submit it within the 180 days if allowed by USEPA. 40 C.F.R. § 122.21(d). Completeness means "an application form and any supplemental information *which are completed to [EPA's] satisfaction*." 40 C.F.R. § 122.21(e) (emphasis added). In essence, a permit application is complete when USEPA says it is complete based on USEPA having the information it deems necessary to begin processing the permit renewal. Once received, the permit is continued, and nothing prevents USEPA from requesting or evaluating additional information in the course of processing the renewal.

A State permitting authority, such as NYSDEC, "may continue either EPA or State-issued permits . . . *if State law allows*. 40 C.F.R. § 122.6(d) (emphasis added). The applicable State laws are SAPA and the ECL, and Greenidge's application, as determined by NYSDEC, meets the statutory standard of sufficiency. *See* Point I(A), *supra*.

The application of State law here renders much of Plaintiffs' discussion of standards, including the APA, and USEPA-required forms irrelevant. Notably, the regulatory provision for continuance of SPDES permits does not specifically refer to the federal regulations for timeliness or completeness. 40 C.F.R. § 122.6(d). Further, Form 1 and 2C referenced by Plaintiffs are

9

applications for USEPA-issued permits. 40 C.F.R. § 122.21(a)(2). These are not required for State-issued permits.

Even if the federal standards for permit continuance are applied here, NYSDEC's determination stands. The same discretion that USEPA has for determining that an application is complete to its satisfaction would apply to NYSDEC. *See* 40 C.F.R. § 122.21(e). NYSDEC received a renewal application from Greenidge, which certified that there had been no changes to the Facility necessitating a permit modification. *See* Hennessey SJ Dec., ¶¶ 15-16, Exh. 4. Able to rely on the existing information it had about the Facility, NYSDEC reasonably determined that it could begin processing Greenidge's renewal application and that the permit would be continued while the renewal process was pending.

> **2. NYSDEC's Sufficiency Determination and the Continuation of the Facility's SPDES Permit is Supported by a Complete Public Record of the Facility's Operations.**

Contrary to Plaintiffs' argument, there is an extensive amount of substantive information already in NYSDEC's possession that supports its sufficiency determination—most notably the 2017 SPDES permit under which the Facility is currently operating and which is the subject of the renewal application. Indeed, the extensive record of NYSDEC's prior technical review of the Facility, judicial scrutiny of that review, and Plaintiffs' participation in both undercut Plaintiffs' assertions that the Facility's SPDES permit was not continued because of substantive deficiencies or lack of public access to information. The renewal application submitted by Greenidge confirmed to NYSDEC the continued validity of the information already before it. Accordingly, Plaintiffs' form over substance arguments cannot stand.

NYSDEC already has the information about the Facility that Plaintiffs claim is lacking. *See* 40 C.F.R. §§ 122.21(g),(r), 125.95. The Facility has operated since 1975 under SPDES permits issued and renewed by NYSDEC. *See* Hennessey SJ Dec., ¶ 5. During that time, the Facility has

undergone multiple SPDES permit renewals, the most recent until now being the 2017 SPDES permit. *See id.*, ¶ 6, Exh. 1. NYSDEC undertook a full technical review at that time in compliance with the Clean Water Act and NYSDEC's procedures. *See id.*, ¶ 9, Exh. 1. That review included, but was not limited to, information submitted by the Facility's prior owner and supplemental data. Indeed, in an affidavit defending its decision to reissue the SPDES permit, NYSDEC indicated that it reviewed a NY-2C SPDES permit application from 2007, data from Discharge Monitoring Reports including parameters for each outfall, data from other monitoring reports, and the Division of Water's Technical & Operational Guidance Series ("TOGS"). *See* Hennessey SJ Dec., Exh. 1 (Affidavit of Michael Caseiras). NYSDEC's review also included an assessment of best technology available for the Facility's cooling water intake structures that would also minimize impingement and entrainment of fish and shellfish by operation of the intake structure. *See* Hennessey SJ Dec., Exh. 1 (Affidavit of Colleen Kimble). Following NYSDEC's robust technical review, NYSDEC issued draft (and final) fact sheets, as well as the draft and final SPDES permit. The facts sheets, as well as the SPDES permit, describe, among other things, the Facility's outfalls, discharges, receiving waters, and its cooling water intake structure. *See* Hennessey SJ Dec. ¶¶ 12-13, Exh. 2; Dkt. 10-5, pp. 30-63 (Final Fact Sheets appended to SPDES Permit). As now, Plaintiffs had the opportunity to comment on the SPDES renewal, and the Committee to Preserve the Finger Lakes did submit comments. *See* Hennessey SJ Dec., Exh. 1 (Affidavits of Michael Caseiras and Scott Sheeley).

The sufficiency of the renewal application now before NYSDEC is further bolstered by the fact that Plaintiffs have already challenged the record on which issuance of the Facility's existing SPDES permit was based—and lost. Petitioners contended, *inter alia*, that NYSDEC had issued the 2017 SPDES permit without conducting a full technical review, particularly in relation to the

11

Facility's cooling water intake structures. *See* Prior Hennessey Dec., Exh. C. In December 2018, following an extensive review of the administrative record, including affidavits from three of the NYSDEC staff that worked on the renewal, the Yates County Supreme Court dismissed Plaintiffs' Article 78 action challenging NYSDEC's issuance of the 2017 SPDES permit. *See id*. ¶¶ 20-25, Exh. C. The court concluded that it was clear that NYSDEC had conducted a full technical review and referenced the 200+ pages in the record as well as the conditions of the SPDES permit itself. *Id*., Exh. C. Furthermore, as now, Plaintiffs had full access to all of this information that they now claim is lacking. *See* Hennessey SJ Dec. ¶¶ 26-27.

Greenidge, by submitting its renewal application, confirmed that the information about the Facility's operations already before NYSDEC and necessary for continuance of the permit was still accurate. This public record of NYSDEC's full technical review of the Facility, which includes the current SPDES permit, also passed judicial scrutiny. Moreover, Plaintiffs had and continue to have access to this information, as demonstrated by their own motion papers. *See* Hennessey SJ Dec. ¶ 27; *see e.g.*, Dkt. 10-13. This record remains on file and available to the public. Accordingly, Plaintiffs' argument that NYSDEC does not have a sufficient basis to extend the SPDES permit pending renewal is unfounded.

> **3. NYSDEC Did Not Require Greenidge to Submit Form NY-2C at the Time of Renewal, Nor Did it Waive a Requirement for Same Under State or Federal Law.**

Because a record with information about the Facility sufficient for permit continuance already exists with NYSDEC, it is logical that NYSDEC would only require Greenidge (or any existing permittee) to initiate a renewal by indicating whether anything had changed since the prior permit was issued. Indeed, that is exactly what NYSDEC did here.

NYSDEC provided Greenidge with a SPDES Notice/Renewal Application and SPDES Renewal Application Questionnaire. *See* Hennessey SJ Dec., ¶ 14, Exh. 3. The renewal

application states in several places that additional forms and information are required if changes have occurred:

> If there are changes to your discharge, or to operations affecting the discharge, then in addition to this renewal application you must also submit <u>a separate permit modification application</u> . . . [e.g., Form NY-2C]
>
> You may receive additional forms with the SPDES Permit Notice/Renewal Application letter. These additional forms must be completed and returned with your application or your application will be considered incomplete.
>
> Complete and submit the following forms . . . : other forms, if applicable.
>
> Requests for permit modifications must be filed . . . by filing an entire new detailed application or by filing specific portions thereof; either on a form or by a letter, or both.

*See id.*

Greenidge seeks the continuance of its existing SPDES permit as written and judicially upheld. *See* Hennessey SJ Dec., ¶ 17. There had not (and have not) been any changes to the Facility, the nature of its operations, its outfalls, its discharges, its receiving waters, or its cooling water intake structure since the issuance of the 2017 SPDES permit. *See* Hennessey SJ Dec., ¶¶ 17-19, Exh. 4. Greenidge's certification of same indicated to NYSDEC that it had the necessary information to make a sufficiency determination, commence the permit renewal process, and authorize continuance of the permit. As a result, NYSDEC did not require, and did not request, additional forms (*e.g.*, Form NY-2C) or other information from Greenidge.

NYSDEC's treatment of Greenidge's renewal application is in accordance with the agency's longstanding renewal procedures, which are described in its regulations and program policy, and complies with New York law and the Clean Water Act.[7] These procedures include

---

[7] *See* DEC Program Policy, Administrative Procedures and Environmental Benefit Permit

13

scenarios where an administrative renewal must undergo a full technical review and an opportunity for public review and comment prior to issuance regardless of the disposition of the application. *See* 6 N.Y.C.R.R. §§ 621, 750-1.16(c).  A full technical review of a renewal application is necessary, for example, where there is a new source or if NYSDEC determines a full technical review is necessary to make changes to comply with the Clean Water Act.  6 N.Y.C.R.R. § 750-1.16(e),(f).  As provided in NYSDEC's regulations, program policy, and on the renewal application, notice of the renewal application is published in the Environmental Notice Bulletin for public review and comment.  *See* Hennessey SJ Dec., Exh. 3, p. 3.

Plaintiffs cite a USEPA "Region 2 NPDES Program and Permit Quality Review" report that was prepared on June 25, 2019 following a review in 2018.  *See* Report (Dkt. No. 10-15). Although based on the report, USEPA does not appear to agree with NYSDEC's use of the short application form, it has not taken any action before or since the review in 2018, or in response to notice of Plaintiffs' lawsuit.  The Report indicates only that "EPA and NYSDEC are committed to working closely together to address these concerns."  *Id*., p. 5.  NYSDEC continues to administer the SPDES program and use the short application form to focus its limited resources on substantive changes, standards, and issues—not the needless duplication for forms.  Further, the Report is not a basis for Plaintiffs' citizen suit.

The foregoing illustrates how Plaintiffs have mischaracterized the renewal process and the role of Form NY-2C—a form issue they raise for the first time in their Memorandum of Law. Plaintiffs state in their Memorandum of Law (Point I(D)(3)) that submission of Form NY-2C would satisfy the alleged deficiencies that they cite.  The application form supplied by NYSDEC

---

Strategy For Individual SPDES Permits (last modified Jan. 25, 2012), accessed at https://www.dec.ny.gov/docs/water_pdf/togs122.pdf., pp. 22-24.

and submitted by Greenidge for an as-is continuation of its SPDES permit confirmed that the public information already on file with NYSDEC, and that would be included on Form NY-2C, is representative of current conditions.  Plaintiffs ask this Court to invalidate the continuance of Greenidge's permit, and apparently decades of other administrative renewals, because the substantive information at issue is already on file with NYSDEC (and available through a Freedom of Information Law request) instead of duplicated on a re-dated, resubmitted form.  NYSDEC did not violate or improperly waive an application requirement by not requiring this needless duplication.  Accordingly, this Court should dismiss Plaintiffs' form over substance claims.

### 4. Plaintiffs' Other Cited Cases are Factually Dissimilar and Do Not Support Plaintiffs' Arguments.

All of the cases cited by Plaintiffs are distinguishable from the facts here and do not support Plaintiffs' arguments.  The only case cited by Plaintiffs where a court ruled that the continuation of a NPDES permit was invalid involved a renewal application that was submitted *after* the permit had expired and was subsequently extended by USEPA *for 36 years*.  *Ctr. for Env't L. & Pol'y v. U.S. Fish & Wildlife Serv.,* 228 F. Supp. 3d 1152, 1157–59 (E.D. Wash. 2017).  The obvious difference, besides that it is a case involving an EPA-administered NPDES permit, is that the U.S. Fish and Wildlife Service did not submit a renewal application until *after* its permit had expired.  Here it is undisputed that Greenidge submitted a timely renewal application to NYSDEC.

Other cases cited by Plaintiff are similarly unpersuasive.  *Natural Resources Defense Council, Inc. v. EPA,* 859 F.2d 156, 214-15 (D.C. Cir. 1988) (rejecting plaintiffs' challenge of a continuance because the prior permit did not meet current standards); *see also Bad River Band of Lake Superior Tribe of Chippewa Indians of Bad River Reservation v. Enbridge Energy Co.,* No. 19-cv-602-wmc, 2022 WL 4094073 (W.D. Wisc. Sept. 7, 2022) (holding that easements had expired because applicant had not provided the landowner consents required by the agency).

Notably, although it involved continuation under the APA, in *NRDC*, the court *rejected* the plaintiff's argument that a permit could not be continued pending renewal where the prior permit did not meet current requirements. *NRDC*, 859 F.2d at 215. The court also rejected the dicta cited by Plaintiffs in *Kitlutsisti v. ARCO Alaska, Inc.,* 592 F. Supp. 832, 843 (D. Alaska 1984), *opinion vacated, appeal dismissed,* 782 F.2d 800 (9th Cir. 1986). *NRDC*, 859 F.2d at 215. Plaintiffs have not provided any cases supporting their claim that the Facility's SPDES permit should not be extended. Tellingly, Greenidge was unable to locate a single applicable case involving a citizen suit challenging the form of an application similar to the facts here.

Several other cases cited by Plaintiffs involved deficient permits (not applications) or substantive violations, and do not support Plaintiffs' claims. *In re Riverkeeper, Inc. v. Seggos,* 75 N.Y.S.3d 854, 866 (N.Y. Sup. Ct. 2018) (holding that substantive standards in NYSDEC's General Permit for Concentrated Animal Feeding Operations did not comply with several federal standards with respect to nutrient management plans); *United States v. Sheyenne Tooling & Manufacturing Co.,* 952 F. Supp. 1414, 1417–19 (D.N.D. 1996) (rejecting defendant's estoppel defense of an alleged violation of a USEPA compliance order based on a conversation with a USEPA employee that defendant would not be liable; there was no clear evidence that the conversation occurred or if it did, what was said); *Inland Empire Waterkeeper v. Uniweb, Inc.,* 2008 WL 6098645, at *1–8 (C.D. Cal. Aug. 6, 2008) (holding that an industrial discharger could not rely on an illegal offset program implemented by the City, which had a NPDES permit). Notably, in *Riverkeeper*, the court held that with respect to other aspects of the General Permit, the plaintiffs had failed to satisfy their burden that NYSDEC's requirements were arbitrary and capricious, or contrary to law. *Riverkeeper, Inc.*, 75 N.Y.S.3d at 876.

## CONCLUSION

For all of the reasons set forth herein, Greenidge respectfully submits that Plaintiffs' Motion should be denied and that this Court should grant Greenidge's Cross-Motion.

Dated: March 22, 2023
       Albany, New York

**BARCLAY DAMON, LLP**

By: _____
Yvonne E. Hennessey, Esq.
*Attorneys for Greenidge Generation LLC*
80 State Street, 6th Floor
Albany, New York 12207
(518) 429-4200

17